**Dennis M. COOK, Petitioner-Appellant,**

v.

**FLORIDA PAROLE AND PROBATION COMMISSION, and Jim Smith, Attorney General, State of Florida, Respondents-Appellees.**

No. 83–5786
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Jan. 2, 1985.

Dennis M. Cook, pro se.

Enoch J. Whitney, Tallahassee, Fla., Cailianne P. Lantz, Asst. Atty. Gen., Florida Dept. of Legal Affairs, Miami, Fla., for respondents-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant/petitioner Cook appeals from the district court's dismissal of his habeas corpus petition for failure to exhaust state remedies. A resolution of this appeal depends on the peculiar circumstances present in this case.

In 1972, Cook was sentenced to life imprisonment after pleading guilty in Florida state court to one count of rape. He was released on parole in 1978. In 1979, he was arrested in New York on rape and sodomy charges, tried and found guilty. He is presently incarcerated in a correctional facility in New York state, where he is eligible for parole in November, 1986. After his 1979 arrest, Florida issued a warrant for retaking Cook as a parole violator. New York lodged this warrant in 1980, indicating that it would make arrangements to return Cook to Florida for a parole revocation hearing when he was released from incarceration in New York.

In July, 1981, Cook filed a motion for post-conviction relief in the Florida circuit court, alleging various constitutional violations leading to his 1972 Florida guilty plea. No action was taken on this motion for over a year, due to an alleged clerical error in failing to calendar the motion. In July, 1982, petitioner filed an application for writ of mandamus with a Florida appellate court to compel the Florida circuit court to render a decision on his original motion. This was denied on the basis that proceedings had commenced in the trial court. In September, 1982, after determining that Cook's presence was necessary for an evidentiary hearing on his motion, the Florida trial court ordered the state to transport him from New York to Florida for a hearing. In October, 1982, New York responded that they could release petitioner only to stand trial for an untried indictment or complaint, and that they would not release petitioner to Florida until he was paroled from New York state. On July 27, 1983, the Florida court entered another order declaring petitioner to be a material witness in post-conviction relief proceedings and requesting his presence at an evidentiary hearing. New York apparently never responded to that order.

In February 1983, Cook filed this *pro se* habeas petition in federal court in Florida, alleging constitutional violations leading to and arising out of his Florida conviction, and contending that he was being denied access to Florida state courts. A United States Magistrate recommended that the petition be dismissed for failure to exhaust state remedies, finding that Florida was proceeding "belatedly but in good faith" with Cook's pending post-conviction motion. On November 1, 1983, the district court accepted the recommendation and dismissed the petition for lack of exhaustion. Cook appeals, contending that Florida's delay in ruling on his state habeas motion (it has now been almost three and one-half years since the motion was filed) excuses him from the exhaustion requirement.

## DISCUSSION

The exhaustion requirement of 28 U.S.C. § 2254(b) is not jurisdictional, and does not restrict a court's power to grant relief in appropriate cases where state remedies ineffectively protect the rights of a prisoner. *See St. Jules v. Beto*, 462 F.2d

1365, 1366 (5th Cir.1972) (per curiam). State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for state relief. *Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir.1978); *Reynolds v. Wainwright*, 460 F.2d 1026 (5th Cir.), *cert. denied*, 409 U.S. 950, 93 S.Ct. 294, 34 L.Ed.2d 221 (1972); *Dixon v. Florida*, 388 F.2d 424 (5th Cir.1968). However, we do not think exhaustion should be excused under the peculiar circumstances of our present case.

■ Save for an initial one year delay allegedly resulting from a clerical error, the state's delay in ruling on Cook's motion cannot be deemed unreasonable or unjustified. The state is not merely dragging its feet, but is trying to hold a fair hearing on the motion. The failure of the motion thus far to be resolved can be blamed on two factors: Florida's desire to grant petitioner a full and fair hearing requiring his presence; and the petitioner's own activities which have resulted in his being incarcerated in New York and unavailable for a hearing. Under these circumstances, we can not say that Florida's delay in ruling on Cook's motion for post-conviction relief is so unreasonable and unjustified as to excuse the § 2254 exhaustion requirements, despite the time that has elapsed since the filing of that motion.

■ In his brief, petitioner has expressed some desire for the Florida courts to resolve his state motion after a hearing without his presence.[1] We note that if this motion were to proceed in the Florida courts at petitioner's request and in his absence, evidence would be taken, and findings of fact made by the state court would likely be presumed correct in a later federal habeas proceeding.[2] *See* 28 U.S.C. § 2254(d). However, if Cook understands this consequence of proceeding with a state court hearing in his absence, we think that he should be entitled to proceed if he wishes. Therefore, we instruct the district court to notify the petitioner and the state attorney involved in this case that if the petitioner wishes to go forward with his motion in Florida despite the fact that he cannot be present, he should make such a request to the state by letter.[3] Unless the processing of petitioner's motion in state court commences within 60 days of petitioner's request, the district court should find that petitioner is excused from exhausting his state remedies and should thus consider petitioner's federal habeas claim. If state proceedings are commenced within 60 days of petitioner's request, the district court should dismiss this federal habeas action without prejudice, pending exhaustion. If petitioner determines that he does not want the state court hearing to proceed without his presence, the district court should also dismiss this action without prejudice, pending exhaustion of state remedies at a later time when petitioner is in a position to proceed.

■ A secondary issue is the fact that Cook has not named as a respondent in his federal habeas petition the officer having present custody of him, as required by Rule 2(b), 28 U.S.C. fol. § 2254. If Cook is to proceed further in federal court, he must amend his petition to add the appropriate New York official as a party.

This appeal is thus REMANDED to the district court for further proceedings not inconsistent with this opinion.

1. Rule 3.850 of the Florida Rules of Criminal Procedure provides that "a court may entertain and determine [a motion for post-conviction relief] without requiring the production of the prisoner at the hearing." *See also Florida v. Reynolds*, 238 So.2d 598 (Fla.1970) (discussing possible methods of ruling on such a motion without the presence of the prisoner).

2. Findings of fact would be presumed correct in federal court if supported by substantial evidence at a full and fair hearing. This presumption does not apply to state court determinations of mixed questions of fact and law, such as whether petitioner received effective assistance of counsel. *Mason v. Balcom*, 531 F.2d 717, 721 (5th Cir.1976).

3. A copy of this letter should also be furnished to the district court for inclusion in the record of this case.