**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL RICHARD D'ALESSANDRO,
Petitioner-Appellant,

v.

WILLIS E. MORTON; ATTORNEY

GENERAL OF THE STATE OF NEW
JERSEY; ATTORNEY GENERAL OF THE
STATE OF MARYLAND,
Respondents-Appellees.

No. 97-7182

MICHAEL RICHARD D'ALESSANDRO,
Petitioner-Appellant,

v.

WILLIS E. MORTON; ATTORNEY

GENERAL OF THE STATE OF NEW
JERSEY; ATTORNEY GENERAL OF THE
STATE OF MARYLAND,
Respondents-Appellees.

No. 97-7850

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-97-2316-S)

Submitted: April 14, 1998

Decided: June 30, 1998

Before WIDENER, MURNAGHAN, and NIEMEYER,
Circuit Judges.

_____

No. 97-7182, dismissed; No. 97-7850, vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Richard D'Alessandro, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Michael R. D'Alessandro appeals from the district court order denying relief on his petition filed under 28 U.S.C.A. § 2254 (West 1994 & Supp. 1998), and from the district court's denial of D'Alessandro's motion to appoint counsel. We grant leave to proceed in forma pauperis in both appeals. In No. 97-7182, we deny a certificate of appealability and dismiss the appeal of the district court's denial of D'Alessandro's motion to appoint counsel. We grant a certificate of appealability in No. 97-7850 and vacate and remand for further proceedings regarding whether D'Alessandro has exhausted his available state remedies.

I.

D'Alessandro was convicted in Maryland state court of storehouse breaking and stealing. At the time of his conviction in Maryland, D'Alessandro was already serving a fifty-nine year sentence in New Jersey state prison. The Maryland state court sentenced D'Alessandro to ten years' incarceration, to begin immediately following service of his New Jersey sentence.

2

D'Alessandro appealed his conviction to the Court of Special Appeals of Maryland, contending among other claims that he had been denied his right to a speedy trial and that he had been unlawfully extradited to Maryland to stand trial there. D'Alessandro's conviction was affirmed by the Court of Special Appeals of Maryland, and the Court of Appeals of Maryland denied his petition for a writ of certiorari.

D'Alessandro filed a motion for post-conviction relief in the Circuit Court for Montgomery County, Maryland, raising an ineffective assistance of counsel claim. Although Maryland law provides that petitioners have the right to attend any hearing on a motion for post-conviction relief, D'Alessandro was unable to attend the hearing on his post-conviction motion because he was incarcerated in New Jersey. Because D'Alessandro was not present at the hearing and had not waived his right to be present, the Circuit Court dismissed D'Alessandro's petition without prejudice.

II.

D'Alessandro filed the instant petition under 28 U.S.C.A. § 2254, contending that he was denied his right to a speedy trial, that he was unlawfully extradited to Maryland to stand trial, and that he received ineffective assistance of counsel. D'Alessandro also filed a motion to appoint counsel. The district court denied D'Alessandro's motion to appoint counsel.*

The district court dismissed D'Alessandro's petition for failure to exhaust state remedies. The district court held that because D'Alessandro's post-conviction motion was dismissed without prejudice and he could bring another post-conviction motion in Maryland court, D'Alessandro's ineffective assistance of counsel claim had not

_____

*D'Alessandro immediately appealed from this order. D'Alessandro's appeal from the denial of his motion to appoint counsel is interlocutory. See 28 U.S.C. § 1291 (1994). However, because the district court finally decided the petition on the merits, the order denying the motion to appoint counsel is now reviewable and D'Alessandro's two appeals have been consolidated for review. See In re J.T.R. Corp., 958 F.2d 602, 604 n.1 (4th Cir. 1992).

3

been exhausted. Accordingly, under Rose v. Lundy , 455 U.S. 509 (1982), the district court dismissed the entire petition.

On appeal, D'Alessandro contends that the district court erred by finding that he failed to exhaust his state court remedies (No. 97-7850), and by denying his motion to appoint counsel (No. 97-7182). Because D'Alessandro's inability to attend the Maryland post-conviction hearing was not due to his deliberate free choice, nor did he voluntarily forego the opportunity to challenge his conviction while in Maryland, we vacate and remand in No. 97-7850 for further proceedings regarding whether the exhaustion requirement should be deemed satisfied under the procedure announced in Farmer v. Circuit Court, 31 F.3d 219, 222-24 (4th Cir. 1994). See Whittlesey v. Circuit Court, 897 F.2d 143, 145-46 (4th Cir. 1990).

A review of the record shows that D'Alessandro is fully able to present his case, and that the issues are not so complex that appointment of counsel is warranted. See Murray v. Giarratano, 492 U.S. 1, 7-8 (1989); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984). Accordingly, the district court did not abuse its discretion in denying D'Alessandro's motion to appoint counsel, and we deny a certificate of appealability and dismiss the appeal of that order. (No. 97-7182).

We dispense with oral argument because the facts and legal contentions are adequately set out in the materials before the court and argument would not aid the decisional process.

No. 97-7182, DISMISSED;
No. 97-7850, VACATED AND REMANDED

4