SALCINES, Judge.
Michael Keinz pleaded no contest to charges of trafficking in more than 400 grams of cocaine, trafficking in four grams or more of heroin, and trafficking in twenty-eight grams or more of cocaine. Keinz does not appeal his convictions or the sentence imposed for the offense of trafficking in more than 400 grams of cocaine. However, he does challenge the trial court’s denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b) in which he claimed that the three-year minimum mandatory terms imposed for his convictions for trafficking in heroin and trafficking in twenty-eight grams or more of cocaine were illegal.
In support of his argument, Keinz cited to Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002), in which this court found that chapter 99-188, Laws of Florida, providing for the imposition of minimum mandatory sentences for these offenses, is unconstitutional. But see State v. Franklin, 836 So.2d 1112 (Fla. 3d DCA 2003). In response, the State argued that the trial court did not err when it imposed the minimum mandatory sentences because before the Taylor opinion became final, the legislature reenacted the minimum mandatory terms for drug trafficking and provided for retroactive application of the statute. See ch.2002-212, Laws of Fla.
This court recently rejected the State’s argument in Green v. State, 839 So.2d 748 (Fla. 2d DCA 2003). Accordingly, we affirm the convictions; affirm the sentence for trafficking in 400 grams or more of cocaine; reverse the sentences for trafficking in four grams or more of heroin and trafficking in twenty-eight grams or more of cocaine; and remand for resentencing on those two convictions in accordance with the valid laws in effect on the date of the offenses, December 14,1999.
We certify conflict with Carlson v. State, 27 Fla. L. Weekly D2162, 2002 WL 31202145 (Fla. 5th DCA Oct.4, 2002), Lecom v. State, 832 So.2d 818 (Fla. 5th DCA 2002), and Jones v. State, 27 Fla. L. Weekly D2377, 2002 WL 31431541 (Fla. 5th DCA Nov.1, 2002). We also note possible conflict with Nieves v. State, 833 So.2d 190 (Fla. 4th DCA 2002), and Green v. State, 832 So.2d 199 (Fla. 4th DCA 2002).
Affirmed in part, reversed in part, and remanded for resentencing in accordance with this opinion.
ALTENBERND, C.J., and KELLY, J., Concur.