[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 02-10642
_____

D. C. Docket No. 01-02457-CV-WPD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 26, 2005
THOMAS K. KAHN
CLERK

WILLIAM LEE THOMPSON,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT
OF CORRECTIONS, James Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 26, 2005)

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, TJOFLAT and DUBINA, Circuit Judges.

PER CURIAM:

A Florida district court heard Thompson's mixed petition for habeas relief. In 2003, we decided that, if the district court had the discretion not to dismiss a mixed habeas petition, the court did not abuse its discretion by offering Thompson the choice of abandoning his unexhausted claims and proceeding on the exhausted claims or of having his entire petition dismissed. Thompson v. Crosby, 320 F.3d 1228, 1230 (11th Cir. 2003) vacated by 125 S. Ct. 1722 (2005).

Thompson appealed our decision to the United States Supreme Court. The Court remanded the matter to us for further consideration in the light of Rhines v. Weber, 125 S. Ct. 1528 (2005). After reviewing our previous decision and the Court's opinion in Rhines, we vacate the district court's order and remand for further consideration.

In Rhines, the Court said what we had assumed: district courts may order a stay and abeyance of mixed petitions "in limited circumstances." 125 S. Ct. at 1535. A district court should grant a stay and abeyance if (1) the petitioner had "good cause" for failing to exhaust the claims in state court; (2) the unexhausted claims are "potentially meritorious;" and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id.

Here, the district court offered the petitioner a choice that the Supreme Court approved in Rhines: "allow the petitioner to delete the unexhausted claims

2

and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.  But that choice should only be offered if a stay is unwarranted.  Because we cannot discern from the district court's order whether it considered the three Rhines factors, we vacate its order dismissing the habeas petition and remand for further consideration.

VACATED AND REMANDED.