[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 23, 2006
THOMAS K. KAHN
CLERK

No. 05-12162
Non-Argument Calendar

_____

D. C. Docket No. 05-00099-CV-FTM-33-SPC

MICHAEL DAVID KEINZ,

Petitioner-Appellant,

versus

JAMES CROSBY, Secretary,
Florida Department of Corrections,
CHARLES CRIST, Attorney General
of the State of Florida,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(February 23, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Michael David Keinz, a Florida state prisoner proceeding pro se, appeals the district court's dismissal without prejudice of his federal habeas petition, brought pursuant to 28 U.S.C. § 2254. The district court concluded that Keinz had failed to exhaust his state remedies, as required by § 2254(b)(1)(A). After review, we affirm.

## I. BACKGROUND

After pleading nolo contendere, Keinz was convicted of heroin and cocaine trafficking charges on May 22, 2001 in state court in Lee County, Florida, and was sentenced to 20 years' imprisonment. Keinz pursued a direct criminal appeal. On July 11, 2003, the Florida Second District Court of Appeal affirmed one of his trafficking convictions and sentences, but reversed and remanded two trafficking convictions for resentencing because the minimum mandatory sentencing statute under which Keinz was sentenced was unconstitutional. See Keinz v. State, 870 So.2d 4 (Fla. Dist. Ct. App. 2003). On February 17, 2005, the Florida Supreme Court quashed the Second District Court of Appeal's decision and remanded for reconsideration. See State v. Herndon, 894 So.2d 966 (Fla. 2005). The Second District Court of Appeal has not yet issued a decision on remand. Thus certain issues in Keinz's direct criminal appeal remain pending.

2

Meanwhile, in 2003, while his direct criminal appeal was pending, Keinz filed a state motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("3.850 motion").[1] Likewise, while his 3.850 motion was pending, Keinz filed this federal habeas petition in the district court on December 13, 2004.

On March 16, 2005, the district court dismissed without prejudice Keinz's § 2254 petition, finding that Keinz had failed to exhaust state remedies. On March 30, 2005, Keinz filed a motion for reconsideration, noting that the state had filed a notice of unavailability on October 13, 2004 in his 3.850 action and that, despite Keinz's persistence in filing notices of inquiry, the state court had not yet addressed his 3.850 motion. In his § 2254 case, the district court denied Keinz's motion for reconsideration and also denied Keinz's request for a certificate of appealability.

We granted a certificate of appealability on the issue of "[w]hether the district court properly dismissed appellant's § 2254 petition for failure to exhaust state remedies when the state court had allowed over two years to elapse without

___

[1]In his § 2254 petition, Keinz claims that he filed his 3.850 motion on October 22, 2003. In his motion for reconsideration filed in the district court, Keinz claims that he filed his 3.850 motion on May 19, 2003. We need not resolve this conflict in Keinz's allegations. Under either date, Keinz filed his 3.850 motion before his direct criminal appeal had concluded, which may explain the delay in Keinz's 3.850 proceedings.

ruling on appellant's state habeas petition." On appeal, the state submits an order from the state court in Keinz's 3.850 proceedings, dated May 15, 2005, denying two of Keinz's claims, granting an evidentiary hearing on the remaining five claims and appointing the Public Defender's Office to represent Keinz at the hearing.[2]

## II. DISCUSSION

Keinz asserts that this Court should not "turn a blind eye" to the state's failure to give him an evidentiary hearing in his 3.850 proceedings and that he should not have to continue to wait before filing his federal habeas petition. Given that the state court has granted Keinz an evidentiary hearing on his 3.850 motion, we affirm the dismissal of Keinz's § 2254 petition for failure to exhaust state remedies.[3]

Ordinarily, before bringing a § 2254 habeas action in federal court, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1)(A), (c). However, the exhaustion requirement is not

---

[2]We take judicial notice of the state court's May 15, 2005 order, the submission of which Keinz does not oppose. See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994) (explaining that a court may take notice of another court's order "for the limited purpose of recognizing the 'judicial act' that the order represents").

[3]We review de novo whether a petitioner has exhausted state remedies, which is a mixed question of law and fact. Fox v. Kelso, 911 F.2d 563, 568 (11th Cir. 1990).

jurisdictional, and may be excused "if the state has unreasonably or without explanation failed to address petitions for relief." <u>Hollis v. Davis</u>, 941 F.2d 1471, 1475 (11th Cir. 1991) (citing <u>Cook v. Florida Parole & Probation Comm'n</u>, 749 F.2d 678, 680 (11th Cir. 1985)).

We conclude that Keinz should not be excused from exhausting his state remedies. The two-year delay in acting on Keinz's 3.850 motion was due in whole or in part to Keinz's filing that motion while his direct criminal appeal remained pending. Furthermore, there has been recent progress in Keinz's 3.850 proceedings. The state court in Lee County, Florida issued an order on Keinz's 3.850 motion in May 2005, granting Keinz a counseled evidentiary hearing and a possible appeal to the Florida Supreme Court once the 3.850 proceedings are concluded. Keinz does not dispute these facts. Nor is there anything to indicate that Keinz will not receive an expeditious handling of his evidentiary hearing on his remaining 3.850 claims or in any appeal to the Florida Supreme Court. <u>Cf</u>. <u>Cook</u>, 749 F.2d at 680 (instructing district court on remand to dismiss petitioner's federal habeas petition for failure to exhaust state remedies only if the state begins processing petitioner's state habeas motion within sixty days of receiving petitioner's request that a state court hearing be held without his presence). Under these particular circumstances, we do not believe exhaustion should be excused.

5

We, therefore, affirm the district court's order dismissing without prejudice Keinz's § 2254 petition.

**AFFIRMED.**