**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6547**

CHARLES F. PLYMAIL,

        Petitioner - Appellant,

    v.

PATRICK A. MIRANDY, Warden,

        Respondent - Appellee.

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, Chief District Judge. (3:14-cv-06201)

Submitted: November 18, 2016     Decided: November 23, 2016

Before WILKINSON and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Charles F. Plymail, Appellant Pro Se. Shannon Frederick Kiser, OFFICE OF THE ATTORNEY GENERAL, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles F. Plymail seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing without prejudice his 28 U.S.C. § 2254 (2012) petition for failing to exhaust his state remedies. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).

Our review of the present record, which is significantly constrained by the absence of state court documents, convinces us that the district court's procedural ruling is debatable. Before presenting claims in federal court, a § 2254 petitioner must exhaust all available state court remedies. 28 U.S.C. § 2254(b)(1); Gordon v. Braxton, 780 F.3d 196, 200 (4th Cir. 2015); Jones v. Sussex I State Prison, 591 F.3d 707, 713 (4th Cir. 2010). However, a petitioner may be excused from the exhaustion requirement if "there is an absence of available

2

[s]tate corrective process[] or circumstances exist that render such process ineffective to protect the rights of the [petitioner]." 28 U.S.C. § 2254(b)(1)(B). State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. See Farmer v. Circuit Court of Md. for Balt. Cty., 31 F.3d 219, 223 (4th Cir. 1994) ("There is . . . authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

Here, the West Virginia Supreme Court of Appeals took over 20 years to decide Plymail's direct appeal of his criminal conviction. Our sister circuits have found much shorter delays sufficient to excuse the exhaustion requirement. See, e.g., Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) ("[I]t is difficult to envision any amount of progress justifying an eight-year delay in reaching the merits of a petition."); Coe v. Thurman, 922 F.2d 528, 531 (9th Cir. 1990) (holding, in the context of four-year delay, that "a prisoner need not fully exhaust his state remedies if the root of his complaint is his inability to do so.").

The magistrate judge and the district court relied on the West Virginia Supreme Court of Appeals' finding that much of the delay was caused by Plymail's difficult relationship with his

3

many appointed counsel. However, the district court and the magistrate judge also noted that the State failed to provide any records from the state court proceedings. The few records available in the present record indicate that not all of the delay can be attributed to Plymail; for example, he successfully petitioned at one juncture for a writ of mandamus ordering a resentencing to allow him to perfect his appeal. Plymail also alleged that he suffered from a life-threatening medical condition that rendered him unable to ensure the timely prosecution of his appeal.

The magistrate judge and district court also noted that Plymail's state habeas petition remains pending in state court. The state petition had been pending for a year when Plymail filed his § 2254 petition, and has been pending for a total of more than three years. As the magistrate judge and the district court correctly recognized, it is not surprising a state habeas proceeding would not be adjudicated while a direct appeal was pending; however, the state court's inaction is troubling given that one of Plymail's claims concerned the inordinate delay in adjudicating his direct appeal. Accordingly, based on the record before us, we conclude that the district court prematurely dismissed Plymail's petition for failure to exhaust

4

his state remedies.* See Rule 4, R. Governing § 2254 Proceedings (providing for sua sponte dismissal "[i]f it plainly appears from the petition and any attached exhibits" that petitioner is not entitled to relief).

By this disposition, we indicate no view as to the ultimate success of Plymail's petition. We simply conclude that the current state of the record is insufficient to establish as a matter of law that Plymail's petition should be dismissed for failure to exhaust.

Accordingly, we grant a certificate of appealability, vacate the district court's judgment, and remand the case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

* We likewise conclude that, on the present record, "reasonable jurists could debate whether" the 20-year delay in adjudicating Plymail's direct appeal constituted a due process violation. Slack, 529 U.S. at 484 (internal quotation marks omitted); see United States v. Johnson, 732 F.2d 379, 381 (4th Cir. 1984) ("[U]ndue delay in processing an appeal may rise to the level of a due process violation.").

5