[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13358

Non-Argument Calendar

_____

SHELTON R. THOMAS,

                                        Petitioner-Appellant,

_versus_

MACON SP WARDEN,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-00437-CAP

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Shelton Thomas, a prisoner at Georgia's Macon State Prison proceeding *pro se*, appeals the dismissal without prejudice of his petition for habeas corpus under 28 U.S.C. § 2254. We granted a certificate of appealability on the question of "[w]hether the district court erred in concluding that Thomas's 28 U.S.C. § 2554 petition was unexhausted in its entirety, and, if so, whether the court abused its discretion in dismissing the § 2254 petition without prejudice." (11th Cir. dkt., doc. 13 at 2–3). Thomas argues that the district court erred in determining his grounds for relief were unexhausted because: (1) all were presented to the Georgia Supreme Court at some point, even if the case in which some were raised was disposed of on other grounds; (2) the state waived exhaustion in state habeas proceedings; (3) his claims need not be exhausted because the state courts are unduly delayed in resolving them; and (4) even if some of his claims are unexhausted, the district court should have granted a stay and abeyance rather than dismissing his petition.

We review the denial or grant of habeas corpus relief *de novo*. *Pope v. Sec'y, Fla. Dep't of Corr.*, 752 F.3d 1254, 1261 (11th Cir. 2014). We also "review questions of law and mixed questions of law and fact *de novo*, while district court findings of fact are reviewed for clear error." *Id.* "Exhaustion presents a mixed question of law and fact." *Fox v. Kelso*, 911 F.2d 563, 568 (11th Cir. 1990). In

the case of a mixed petition, asserting some exhausted and some unexhausted claims for habeas relief, whether to grant a stay and abeyance or dismiss is reviewed for abuse of discretion. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). Abuse of discretion occurs where the district court applies an incorrect legal standard, follows incorrect procedures, or makes a factual finding that is clearly erroneous. *Mincey v. Head*, 206 F.3d 1106, 1137 (11th Cir. 2000).

To be eligible for federal habeas relief, a state prisoner must have exhausted "the remedies available in the courts of the state," unless such remedies are absent or ineffective. 28 U.S.C. § 2254(b)(1). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Thus, "to properly exhaust a claim, the petitioner must fairly present[] every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quotation omitted).

Under Georgia law, a state habeas petition may not be brought until the petitioner's conviction is final. *Horton v. Wilkes*, 302 S.E.2d 94, 96 (Ga. 1983), *disapproved of in part on other grounds by Stubbs v. Hall*, 840 S.E.2d 407 (Ga. 2020). For Georgia law purposes, a conviction is not final until no further direct appellate review is available. *Stubbs v. Hall*, 840 S.E.2d 407, 412 (Ga. 2020).

Exhaustion is excused under absent or ineffective state process prongs "in the case of unreasonable, unexplained state delays

in acting on the petitioner's motion for state relief." 28 U.S.C. § 2254(b)(1)(B)(i)–(ii); *Cook v. Fla. Parole & Prob. Comm'n*, 749 F.2d 678, 679–80 (11th Cir. 1985). A delay of fifteen months is sufficient to raise the possibility that exhaustion should be excused because state avenues towards relief are absent or ineffective. *Rheuark v. Wade*, 540 F.2d 1282, 1283 (5th Cir. 1976)[1] (vacating and remanding "with instructions to determine if the delay in preparing a transcript of Rheuark's state trial has been justifiable. If not, the district court should proceed to the merits of appellant's claim for habeas relief."); *see also Breazeale v. Bradley*, 582 F.2d 5, 6 (5th Cir. 1978) ("Breazeale's state habeas petition has been completely dormant for over one year, and the state has offered us no reason for its torpor. Under these circumstances, the unexplained delay requires us to say that the state remedy is ineffective."). While 28 U.S.C. § 2254(b) has been reorganized since caselaw established that delay can make state processes ineffective, the operative text regarding the absence or ineffectiveness of state corrective processes is identical. *Compare* 28 U.S.C. § 2254(b)(1)(B)(i)–(ii), *with* 28 U.S.C. § 2254(b) (1966).

"When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition . . . or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." *Ogle v.*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Johnson*, 488 F.3d 1364, 1370 (11th Cir. 2007) (citations omitted). The Supreme Court has held that a district court abuses its discretion when it dismisses instead of staying "a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines*, 544 U.S. at 278. "[I]f . . . the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* The district court is required to consider the *Rhines* factors. *See Thompson v. Sec'y for Dep't of Corr.*, 425 F.3d 1364, 1366 (11th Cir. 2005).

The district court erred in concluding that all of Thomas's claims were unexhausted and dismissing his petition. First, Thomas may have exhausted a number of claims on direct appeal.[2] He is not required to complete an additional round of state habeas review for any claim raised on direct appeal. Second, while Thomas's remaining claims are unexhausted, there is an issue of whether delays in processing Thomas's refiled state habeas (filed on December 17, 2021) might be deemed to excuse exhaustion. *See Rheuark*, 540 F.2d at 1283; *Breazeale*, 582 F.2d at 6. The delay since December 17, 2021, was not addressed by the district court and

_____

[2] It is unclear whether Thomas raised the same claims in his second direct appeal because the record is incomplete. On remand, the district court should ascertain which claims have been exhausted.

should be addressed by the district court in the first instance. Third, even if exhaustion of Thomas's remaining claims is required, the district court abused its discretion by failing to consider whether to stay (as opposed to dismissing without prejudice) and in failing to address the *Rhines* requirement with respect to a petitioner's opportunity to dismiss his unexhausted claims. See *Rhines*, 544 U.S. at 278; *Thompson*, 425 F.3d at 1366.

For the foregoing reasons, the judgment of the district court is vacated and remanded to the district court for further proceedings not inconsistent with this opinion.[3]

**VACATED AND REMANDED.**

---

[3] Thomas's Motion for the Court to Order the State to File Relevant Transcripts and Court Records is DENIED.